IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH L. D'ALESSANDRO and OLGA D'ALESSANDRO, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 05-512-GMS ) |
| UNITED STATES OF AMERICA, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, and MARIE TOMASSO, individually in her official capacity, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM**

Joseph L. and Olga D'Alessandro bring this action alleging the United States of America, through the Equal Employment Opportunity Commission ("EEOC") and Marie Tomasso ("Tomasso"), District Director of the EEOC, denied them their civil rights. They appear *pro se* and move the court for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 1.) The motion for leave to proceed *in forma pauperis* is GRANTED.

The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, pursuant to 28 U.S.C. § 1915(e)(2)(B) the complaint is dismissed without prejudice as frivolous.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

In 2002, the D'Alessandroes filed a civil action against the EEOC and Tomasso raising claims for an alleged negligent investigation of a claim brought against LL Bean, Olga D'Alessandro's former employer. *D'Alessandro v. Equal Employment Opportunity Comm'n ,*

215 F.Supp.2d 419 (D.Del. 2002). The D'Alessandroes alleged violations of their constitutional rights under the fifth and fourteenth amendments of the U.S. Constitution. They specifically alleged that the EEOC violated Olga D'Alessandro's right to due process, obstructed justice, misapplied the law, refused to amend the EEOC complaint, refused to accept an appeal, and refused to produce documentation. The constitutional claims against the EEOC and Tomasso were dismissed on the basis of sovereign immunity. In the alternative, the court held that the EEOC and Tomasso were not subject to suit under the Federal Tort Claims Act ("FTCA") and that the plaintiffs had failed to exhaust their administrative as required under the FTCA. The complaint was dismissed with prejudice on August 5, 2002.

On July 19, 2005, the D'Alessandroes filed the current complaint against the United States, the EEOC, and Tomasso. They bring this action under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971), alleging violations of their constitutional rights. More specifically, the complaint alleges that the EEOC obstructed justice and failed to perform an honest, ethical, and truthful investigation of charges brought by Olga D'Alessandro against LL Bean. The plaintiffs allege that this action violated Olga D'Alessandro's constitutional rights under the first, fifth, ninth, and fourteenth amendments of the U.S. Constitution. It is also alleged that the EEOC misapplied the law, and that staff misconduct, fraud, misrepresentation and negligence caused the plaintiffs mental and physical injury and harm.

## II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which

relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Inasmuch as the plaintiffs proceed *pro se*, the court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III.  ANALYSIS

#### A.  Res Judicata/Claim Preclusion

This court may dismiss, *sua sponte*, claims barred by *res judicata* or claim preclusion. *See King v. East Lampeter Township*, No. 02-2122, 69 Fed.Appx. 94 (3d Cir. July 2, 2003) (appellate court affirmed district court's *sua sponte* dismissal of complaint on grounds of *res judicata* and collateral estoppel); *Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1992). "Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002). The D'Alessandroes are barred under the doctrine of issue preclusion to relitigate their claim relating to the actions of the EEOC and Tomasso during

the processing, investigation and hearing of the LL Bean EEOC claim. *See Burlington N. R.R. Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1231-32 (3d Cir. 1995). To the extent the D'Alessandroes seek to raise an additional claim against the United States that could have been raised in their previous action alleging constitutional violations, that claim is also barred. *See CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1994). The plaintiffs' time to raise such a claim was when they unsuccessfully sought recovery from the EEOC and Tomasso in relation to the LL Bean claim.

The D'Alessandroes may not relitigate the claims they currently raise. This lawsuit is barred under the doctrines of *res judicata* or claim preclusion.

**B.    Sovereign Immunity**

Even if this action was not barred by reason of *res judicata* or claim preclusion, it would not go forward inasmuch as the defendants are immune from suit. It is well established that an action against the United States cannot be maintained unless the United States waives its sovereign immunity. *United States v. Mitchell (I)*, 445 U.S. 535, 538 (1980). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. *Id.* (citing *United States v. King*, 395 U.S. 1, 4 (1969)). Moreover, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell (II)*, 463 U.S. 206, 212 (1983).

Additionally, "[m]any courts have held that 'Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge.'" *D'Alessandro v. Equal Employment Opportunity Comm'n*, 215 F.Supp. 2d at 421 (citations omitted). Further, because

Tomasso is being sued "individually in her official capacity as District Director"[1] of the EEOC, the allegations against her are also treated as a suit against the EEOC and fall under the doctrine of sovereign immunity. *Id.* (citations omitted).

As discussed above, the United States, the EEOC and Tomasso are immune from suit for the claims raised by the plaintiffs.

## IV.   CONCLUSION

For the above stated reasons the court finds that the complaint is factually and legally frivolous. An appropriate order will be entered.

*[signature]*
UNITED STATES DISTRICT JUDGE

March 7, 2006
Wilmington, Delaware

---

[1]See caption of complaint. (D.I. 2.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH L. D'ALESSANDRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-512-GMS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| EQUAL EMPLOYMENT | ) |
| OPPORTUNITY COMMISSION, | ) |
| and MARIE TOMASSO, | ) |
| individually in her official capacity, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 7th day of March, 2006, for the reasons set forth in the Memorandum issued this date;

1. The motion for leave to proceed *in forma pauperis* (D.I. 1) is GRANTED.

2. The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous.

_____
UNITED STATES DISTRICT JUDGE